**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

**Dated: December 03 2009**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In Re: ) Case No. 09-34245
)
Steven R. Kinsey and Linda A. Kinsey, ) Chapter 7
)
Debtors. )
) JUDGE MARY ANN WHIPPLE

### ORDER

This case was closed without discharge on October 20, 2009, due to Debtors' failure to file Official Forms 23, Debtor's Certification of Completion of Postpetition Instructional Course Concerning Personal Financial Management. This case is now before the court on Debtors' Motion to Waive Filing Fee to Re-open Case [Doc. # 23]. For the following reasons, the court will deny the motion to waive the filing fee that will be due upon the filing of a motion to reopen the case, which will be necessary in order to accomplish the substantive relief sought by Debtors.

Debtors present no substantive basis upon which the court may grant a waiver of the $260 filing fee due upon filing of a motion to reopen a Chapter 7 case under 11 U.S.C. § 350(b). Although Debtors assert that they participated in a post-petition financial management education course prior to closing of the case without discharge, they were each required to file a statement of completion of the course on or before the date that is 45 days after the date first set for the meeting of creditors. Fed. R. Bankr. P. 1007(b)(7) and (c). The forms were not filed within that 45 day period and, more importantly, no extension of the deadline for filing them was requested as is expressly permitted by Fed. R. Bankr. P. 1007(c). In the absence of the

statement of completion or a request for enlargement of time, the case was properly closed without discharge. 11 U.S.C. § 727(a)(11); Fed. R. Bankr. P. 4004(c)(1)(H). The problems Debtors state that they encountered with Greenpath in obtaining their certificates of completion do not provide any basis for waiving the filing fee for the motion to reopen.

The fee policies of the Judicial Conference of the United States, which this court must follow, generally prohibit waiver of the filing fees due upon filing a motion to reopen a case except where reopening is necessary either to correct an administrative error or to commence an action relating to discharge. The phrase "to correct an administrative error" as used in the Judicial Conference policy means an error by the clerk or the court itself and "does not include errors by the debtor, the debtor's attorney or the trustee." And the exemption for actions related to discharge "is inapplicable to cases closed or dismissed because the debtor failed to certify it underwent the required debtor education course." Thus neither exemption from the reopening fee applies here.

The court is also permitted to waive the filing fee, including on case reopening, if a debtor qualifies for in forma pauperis ("IFP") status under 28 U.S.C. § 1930(f) and an application completed on the appropriate Official Form is filed and granted. *See* Fed. R. Bankr. P. 1006(c). Debtors' application is not on the appropriate Official Form and does otherwise assert IFP status as a basis for waiver. Moreover, the record shows that Debtors do not qualify for IFP status. The minimum qualification for IFP status is that a debtor has income of less than 150% of the income official poverty line as defined by the Office of Management and Budget for a household of the debtor's size. 28 U.S.C. § 1930(f). For a household of 2, that number in 2009 is $1,821.25 on a monthly basis. This compares to Debtors' monthly income after payroll deductions of $2,932.75 as shown on their Schedule I.

**THEREFORE**, for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtors' Motion to Waive Filing Fee to Re-open Case [Doc. # 23] be, and hereby is, **DENIED.**